### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| GARY DAWSON, ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 2:18-cv-01660-ACA |
| ] | |
| SOCIAL SECURITY ] | |
| ADMINISTRATION, ] | |
| COMMISSIONER, ] | |
| ] | |
| **Defendant.** ] | |

### MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's attorney, Jessica M. Friedman's, unopposed motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A). (Doc. 25; *see* doc. 28). Ms. Friedman requests $37,040.77 in fees for 39.3 hours of work. (Doc. 25 at 12; doc. 25-4). Because the court finds Ms. Friedman's request for fees is reasonable, the court **GRANTS** the motion for attorney's fees. (Doc. 25).

### I.    BACKGROUND

The Social Security Act provides for attorney's fees in the administrative and judicial review stages of Social Security cases. *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019). Section 406(a) governs fees for representation in administrative proceedings, which is capped at the lesser of twenty-five percent of past-due benefits or a set dollar amount. 42 U.S.C. § 406(a); *Culberston*, 139 S. Ct. at 520.

Section 406(b) governs fees for representation in district court litigation. § 406(b). That section allows an attorney to collect a "reasonable fee" from the claimant, which is not to exceed twenty-five percent of past-due benefits. *Id.* § 406(b)(1)(A). The Equal Access to Justice Act ("EAJA") also allows a claimant's attorney to receive a fee for their work in district court litigation; however, the United States pays the fee, not the claimant, so long as the government's position in the litigation was not substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). If a claimant pays their attorney for representation in district court under § 406(b) and the attorney receives a fee from the government under the EAJA, the attorney must refund the smaller fee to the claimant. *Gisbrecht*, 545 U.S. at 796.

If an attorney represents their client in administrative and district court proceedings, § 406(b)'s twenty-five percent cap applies only to the fees for representation before the court; it is not reduced by the fee recovered for administrative proceedings under § 406(a). *Culbertson*, 139 S. Ct. at 522.

**II.    DISCUSSION**

Ms. Friedman represented Mr. Dawson and his dependent daughter in connection with their claims for Social Security Disability Benefits. (Doc. 25 at 2–3). Their fee agreement stated that if the Dawsons' claims were appealed to a federal district court, Ms. Friedman would charge twenty-five percent of past-due benefits

resulting from the claim or the EAJA fee approved by a federal court. (Doc. 25-1 at 1). During the course of the representation, Ms. Friedman represented the Dawsons in an appeal of an administrative decision to this court. (Doc. 25 at 3). The Dawsons' claim was ultimately successful and they were awarded $212,163.08 in past due-benefits; Mr. Dawson was awarded $141,460.10 and his daughter was awarded $70,703.75. (*Id.*). This court awarded Ms. Friedman $7,817.46 in fees under the EAJA. (Doc. 24; *see* doc. 25 at 4).

Ms. Friedman now seeks attorney's fees under 42 U.S.C. § 406(b). (Doc. 25). Under the fee agreement, Ms. Friedman is owed twenty-five percent of the $212,163.08 past-due benefits, which is $53,040.77. (Doc. 25-1; *see also* doc. 25 at 3). But Ms. Friedman has agreed to reduce her fee by $16,000, which is the amount she was paid for her work in the administrative proceeding. (Doc. 25 at 5); *see* § 406(a). That agreement reduces the fee to $37,040.77. (Doc. 25 at 5). Ms. Friedman worked 39.3 hours in connection with the district court litigation. (*Id.* at 12). The Acting Commissioner does not object to the fee request. (Doc. 26 at 2).

It is Ms. Friedman's burden to establish that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. A court may reduce the fee based on the character of the representation and the results the lawyer achieved. *Id.* at 808. And a court may reduce the fees if the lawyer was responsible for delay. *Id.*

Here, Mr. Friedman began representing the Dawsons after Social Security denied their claim at the initial level, on review by an administrative law judge (ALJ), and on further review by the appeals council. (Doc. 25 at 2). Ms. Friedman appealed the administrative decision to this court and obtained a reversal and remand to Social Security for further proceedings. (*Id.* at 3). On rehearing, Ms. Friedman obtained a favorable decision; Social Security awarded the Dawsons over $200,000 in past-due benefits. (*Id.*). There is no evidence before the court that Ms. Friedman caused delay in the proceedings.

Ms. Friedman's representation was on a contingency basis with a substantial risk of loss; only one out of four Social Security cases are successful. (*See* doc. 25 at 10). The court also notes that Ms. Friedman, who has considerable experience in the field, having handled several hundred Social Security claims, obtained a very favorable result for the Dawsons. And although the fee agreement permitted a twenty-five percent recovery, Ms. Friedman reduced her fee request by $16,000, which results in a seventeen percent recovery of past due benefits. (*Id.* at 5); *see, e.g.*, *Declet v. Comm'r of Soc. Sec.*, 20-cv-1219-DAB, 2022 WL 8199675, at *1, *3 (M.D. Fla. June 27, 2022).[1]

---

[1] Although this case is not binding authority, *see Am. Elec. Power Co., Inc. v. Connecticut*, 564 U.S. 410, 428 (2011), the court finds it persuasive.

Accordingly, the court finds that the requested attorney's fee is reasonable and **GRANTS** Ms. Friedman's motion for attorney's fees under 42 U.S.C. § 406(b). (Doc. 25). Ms. Friedman must reimburse to the Dawsons the $7,817.46 EAJA fee because the § 406(b) award is greater in amount. *Gisbrecht*, 545 U.S. at 796; (doc. 25 at 13).

### III.  CONCLUSION

The court **GRANTS** Ms. Friedman's motion for attorney's fees under 42 U.S.C. § 406(b). The court **ORDERS** that Ms. Friedman is authorized to charge and collect from the Dawsons $37,040.77. Simultaneously, Ms. Friedman shall refund to the Dawsons the $7,817.46 EAJA fee.

**DONE** and **ORDERED** this October 23, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE